## Case No. 8,671.

### M'CALL et al. v. HARRISON et al.

[1 Brock. 126.] [1]

Circuit Court, D. Virginia. May Term, 1808.

EQUITY—MISTAKE—DEED OF TRUST — PARTIES TO SUIT—REPRESENTATIVES OF TRUSTEE—RES JUDICATA—RIGHTS OF THIRD PARTIES.

1. Where a deed of trust is executed by a debtor, to secure a debt due to A, but by mistake the name of B is inserted, instead of that of A. and A files his bill praying relief. &c.; a court of equity, if the mistake is clearly established, will decree the money to be paid in the first instance to A, who is really and ultimately entitled to it.

2. In such a case, the surviving trustee, having reconveyed the property, under a decree of a court of chancery, to the heirs of the grantor in the deed, and having afterwards died, it is not necessary that the representatives of the trustees should be parties to the suit.

3. A decree is binding and conclusive, with respect to the subject matter on which it acts, but does not affect the rights of third persons, who were not parties to the cause in which the decree was rendered.

[Cited in brief in Dabney v. Kennedy, 7 Grat. 324.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by John W. Brockenbrough, Esq.]

The bill, which was filed in 1802, by George M'Call, and Richard Smilie, surviving partners of M'Call, Smilie & Co., an English firm, states, that prior to the Revolutionary war the firm was largely engaged in business in the then colony of Virginia, and established a house in the town of Dumfries, under the direction of their factor, Henry Mitchell; that a certain Burr Harrison, now deceased, became indebted to them in the course of dealing, to the amount of £237 11s. 10d., and on the 1st of April, 1770, executed a bond, payable to M'Call, Smilie & Co. for that amount: that for the purpose of securing the payment of the bond, Burr Harrison executed a deed of trust, to Gabriel Jones and Peter Hogg, conveying to the trustees a tract of land in the county of Dunmore (now Shenandoah), for the purposes specified in the deed. That the deed was intended to secure the payment of several debts, and among others the above recited debt due to M'Call, Smilie & Co.; but that, through mistake, the firm of John M'Call & Co. was substituted for the real creditors, M'Call, Smilie & Co.: that the deed of trust specified the precise sum for which the bond was given, and carried interest from the same date: and that the parties into whose hands the lands conveyed by the deed had passed, subject to their lien, refused to pay to the complainants their debt, pretending that it was due to John M'Call & Co., according to the literal tenor of the deed. The complainants, therefore, prayed, that the court would decree a sale of the land, and that out of the proceeds their debt be satisfied, and for general relief. The bond, a copy of the account on which it was taken, and a copy of the deed of trust, were filed as exhibits in the cause. The answers of the defendants, and the state of facts, which gave rise to the other questions in the cause, are sufficiently detailed in the following opinion of the chief justice.

MARSHALL, Circuit Justice. This suit is brought to obtain for the plaintiffs the benefit of a deed of trust, which purports on its face to secure a debt due to John M'Call & Co. It is alleged that this debt is in truth due to M'Call, Smilie & Co., and that John M'Call & Co., should they recover the money secured by the deed, must be considered in this court as receiving it for their use. If so, this court, according to its usual course of proceeding, will decree the money to be paid, in the first instance, to the person really and ultimately entitled to it. Of the correctness of this principle no doubt can be entertained. Of consequence, the inquiry is, whether the evidence in this cause is sufficient to satisfy the court that the debt is in truth due to the plaintiff. The bill charges this debt to have been really due to M'Call, Smilie & Co., and the representative of John M'Call, who was the surviving partner of John M'Call & Co., who is a party to the

suit, and is brought before the court by that process which the law directs in the case of absent defendants, has failed to put in an answer. It appears that there was a close connexion between John M'Call & Co., and M'Call, Smilie & Co., and that Henry Mitchell was the agent of both firms. By the books kept by Henry Mitchell, it appears that this deed was really taken to secure a debt due to M'Call, Smilie & Co., and a small debt of £18 4s. 0¼d. due to John M'Call & Co. The present keeper of the books of both firms also declares, that the debt is in truth the debt of M'Call, Smilie & Co. To the debtor, it is unimportant which is his creditor, and this testimony is sufficient against an absent defendant, who will have time to set aside the decree, if he complains of it. The debt will therefore be considered as the debt of M'Call, Smilie & Co.

Several other objections have been taken to the rendition of a decree in favour of the plaintiffs.

1st. The first is, that the proper parties are not before the court. The deed of trust was taken to secure, as well a debt due to Joseph White, for which Gabriel Jones, the surviving trustee in the deed, and James Keith, were sureties. One other debt due to James Ritchie, and one other debt due to Glassford & Henderson, as the debt really due to M'Call, Smilie & Co. Both the trustees are dead, and the surviving trustee has been decreed to convey the trust property to the representatives of Burr Harrison, deceased, under which decree sales have been made to purchasers having notice of this claim, who are parties to this suit, and who appear to have retained a part of the purchase money in their hands, subject to the decree of the court. There is therefore, no necessity for making the representatives of the trustees parties. James Ritchie & Co., and Glassford & Henderson, are parties, and are before the court. James Keith, and the representatives of Gabriel Jones, as sureties for Burr Harrison to Joseph White, ought to have been brought before the court. It appears, that in the court for the county of Shenandoah, where the decree was rendered for the reconveyance of the trust property, an exhibit was filed, showing that a suit, instituted by White against Burr Harrison, in his life time, for the recovery of this debt, was dismissed agreed, in the year 1787. This exhibit is verified by the record of the general court. There remains scarcely a possibility, that the sureties can remain liable for this debt, yet their interests must be guarded, as they are not defendants. Under these circumstances, however, the court will not insist on their being made parties, but will require that evidence of their being satisfied, shall be produced from themselves, or that they shall be secured by the plaintiffs.

2dly. It is also objected, that in August, 1794, a decree was rendered in favour of the

heirs of Burr Harrison, which directed Gabriel Jones, the surviving trustee, to re-convey the trust property, because it appeared to the court, that the money the deed was intended to secure, except the debt due to Joseph White, which was settled, had been paid into the treasury of Virginia, under an act of assembly made for that purpose. This decree is considered as a bar to the plaintiff's claim. I will not deny the obligation of a decree, with respect to its subject matter, however erroneous may be the principles on which it may have been rendered.

In the proceedings in this case, there are, however, several concurring circumstances, which save the plaintiffs from the operation the decree was probably intended to have on them. To the original bill, neither John M'Call & Co., whose name was placed in the deed instead of M'Call, Smilie & Co., nor M'Call, Smilie & Co., were parties. They are not made parties to the bill of revivor. Their equitable interests, therefore, could not be bound by a decree in the cause. Leave was afterwards given to make them parties, but no bill making them parties was ever actually filed. It is stated that a subpoena was taken out against them, and that publication was made, but no bill in pursuance of the subpoena appears to have been filed.

The decree is formed upon the opinion, that the debt is discharged. This is the conclusion drawn by the court, and the step taken, is the consequence of supposing the debt to be discharged; but the real object on which the decree acts, is the trust property. The decree is conclusive, so far as respects this property, but does not, under the actual circumstances, affect the plaintiffs.

It is a rule, that a person who accepts a conveyance from a trustee, with notice of the trust, is himself a trustee. In this case, it may well be doubted, whether the purchasers of a trust estate, under a decree to which the cestuis que trust are not parties, are not themselves trustees; but at any rate, the real debtors, who receive the money would, under this decree, which did not act on the debt itself, be trustees for the creditor. The money not being paid, but remaining in the hands of the purchaser, that purchaser holds it for the party having right to it—and may, therefore, be decreed to pay it to the plaintiffs.

There must be a decree nisi, that the defendants, the purchasers, do, after security shall have been given to the absent defendants, according to law, and after security shall have been given to James Keith, surviving surety, of the debt to Joseph White, for his own use, and for the use of the representatives of Gabriel Jones, deceased, to save him and them harmless against the said debt, pay out of the purchase money, by them retained, to the plaintiffs, M'Call, Smilie & Co., the debt mentioned in the deed of trust, to be due to John M'Call & Co.