CITY OF DETROIT *v.* JACOBS.

TAXATION — ASSESSMENT — MORTGAGES — JOINT OWNERSHIP—HUS-
BAND AND WIFE—ACTION FOR TAX.

> Where a mortgage executed in favor of H. J. and A. J., "his
> wife," is assessed against them jointly, a claim by the wife,
> in an action against them to recover the tax, that she and
> her husband are several owners and should have been so as-
> sessed under section 3847, 1 Comp. Laws, constitutes a mere
> objection that the wife's assessment, because of her interest,
> is too high, and is available only on objection before the board
> of review.   (Section 3899, 1 Comp. Laws.)

Error to Wayne; Brooke, J.   Submitted June 13, 1906.
(Docket No 93.)   Decided July 23, 1906.

Assumpsit by the city of Detroit against Henry Jacobs
and Agnes Jacobs for taxes.   There was judgment for
plaintiff on a verdict directed by the court, and defendant
Agnes Jacobs brings error.   Affirmed.

*Malcolm McGregor*, for appellant.

*Frank E. Doremus* (*Timothy E. Tarsney*, of counsel),
for appellee.

MOORE, J.   The defendants are husband and wife.   In
April, 1892, they took from Harlow P. Davock a mort-
gage on real estate to secure the payment of $14,600.   In
April, 1893, they took another mortgage for $200.   These
mortgages recite that "Henry Jacobs and Agnes Jacobs,
his wife," are parties of the second part.   In 1901
these mortgages were assessed against Henry and Agnes
Jacobs.   In 1902 and 1903 they were assessed in the same
way.   No part of these taxes were paid.   In May, 1904,
the city commenced this suit against the defendants to
recover the tax.   The court directed a verdict against the

defendants for the full amount of the tax with interest. The wife has brought the case here by writ of error.

It is her claim that the taking of the mortgages in the name of the husband and wife did not make them joint tenants, or tenants by entireties; that she held her property interest as though she were sole, citing *Wait* v. *Bovee*, 35 Mich. 425. She further claims, in the absence of testimony to the contrary, the law presumes that each defendant contributed one-half of the mortgage fund, citing *Newlove* v. *Callaghan*, 86 Mich. 297; *Campau* v. *Campau*, 44 Mich. 31; *Luttermoser* v. *Zeuner*, 110 Mich. 186; also that the interest of the parties being distinct and separate, the wife is not liable for the tax on her husband's interest, citing section 8690, 3 Comp. Laws, which provides that the property of a married woman shall "not be liable for debts, obligations and engagements of her husband." The cases cited by counsel are not conclusive of the question involved in this case. In the first of these cases it was held that a joint mortgage given to husband and wife for money furnished equally by them, did not give to the wife who survived the husband, the whole of the mortgage. To the same effect, so far as the decision is material here, is *Luttermoser* v. *Zeuner*, supra. In *Campau* v. *Campau*, supra, it was held that where lands are conveyed to two or more persons, and the instrument is silent as to the interest which each is to take, the presumption is that their interests are equal, but this is but a presumption and may be overcome by proof.

It is said that if the assessors had followed section 3847, 1 Comp. Laws, there would have been no trouble. That section provides:

1. "The assessors shall estimate the true cash value of all the personal property of each person."

2. "Two or more persons not being copartners, owning personal property in common, may each be assessed severally for his portion thereof."

3. "Property assessed to one other than the owner, shall be assessed separate from his property and shall

show in what capacity it is assessed to him, whether as agent, guardian or otherwise."

How are the assessors to become possessed of the information to act intelligently under this section? Can they do better, in the absence of information other than that contained in the instrument, when assessing mortgages, than to assess them to the persons named as mortgagees? While the presumption doubtless is in the absence of proof that each of the mortgagees owns an equal interest, it is a presumption which may be overcome. It will be observed that the language of the statute is, "may each be assessed severally." It does not follow that the interest of each must be severally assessed. In this case the assessments were made against the persons named as mortgagees. No one appeared before the assessors or before the board of review to suggest that this was an improper assessment, or to say that the interests of the persons named in the mortgage were not joint interests, and to ask that the interest of each should be assessed separately. It is said the defendants were under no obligation to make these suggestions or to appear before a board of review; that the assessors were without jurisdiction to assess the wife for anything more than her interest; that they should have known her interest was several; that the statute makes it their duty to assess her interest separately. Section 3899, 1 Comp. Laws, provides, among other things:

"In any suit or proceeding to enforce or set aside any tax, such tax shall be held illegal only for one of the following reasons:

"*First.* That no law authorizes such tax;

"*Second.* That the person or persons appointed to decide whether a tax shall be raised under a given law, have acted without jurisdiction or have not imposed the tax in question.   *   *   *"

It must be conceded that the owners of these mortgages should be assessed because of such ownership. The persons having jurisdiction to make the assessment were the

assessors. It is conceded they had jurisdiction to assess Mrs. Jacobs one-half the amount of these mortgages, and that she ought to pay taxes thereon. It is insisted she ought not to pay more than this. This is but another way of saying that her assessment, because of her interest, was too high. Certainly the assessors had jurisdiction to make some assessment. The owners of these mortgages knew they were assessable. They also knew what the interest of each was therein. They were bound to take notice of any assessment made against them, and to appeal from it to the board of review if they deemed it unjust. They could not remain silent knowing that, if the assessors did their duty, the mortgages would be assessed, and naturally, to the persons named as mortgagees, and later escape the payment of taxes entirely. See *Williams* v. *City of Saginaw*, 51 Mich. 120; *Peninsula Iron & Lumber Co.* v. *Township of Crystal Falls*, 60 Mich. 510; *Township of Caledonia* v. *Rose*, 94 Mich. 216, and the many cases cited therein; *Michigan Savings Bank* v. *City of Detroit*, 107 Mich. 246.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.