HILL v. REINER.

1. DEEDS — WILLS — TESTAMENTARY CONVEYANCES — ESCROW — PARTIES.

A deed in the nature of a testmentary disposition of real property placed in escrow to be delivered after the death of the grantor, conveying the property to four persons named, describing the first three as daughters of a deceased brother of the grantor, may be shown by parol to have been intended as a conveyance of one-half to the three grouped as daughters, etc., the other half to the other grantee.

2. SAME.

Where a conveyance or deed to two or more persons does not state the interest of each, their estates are presumed to be equal: but the presumption may be rebutted by proof.

Error to Livingston; Miner, J. Submitted June 19, 1911. (Docket No. 103.) Decided November 3, 1911.

Bill by Aurelia Hill against Matilda Reiner and others

for partition.   From a decree for complainant, defendant
Reiner appeals.   Modified and affirmed.

*E. A. & L. E. Stowe*, for complainant.

*Louis E. Howlett*, for defendant Reiner.

McALVAY, J.   The bill in this cause was filed for a
partition of certain lands in Livingston county and for an
accounting by defendant Matilda Reiner for rents collected,
also for delivery by her into court of a certain deed in her
possession, through which complainant and defendants
derive title, and which said defendant refuses to produce
or record.   The facts are not disputed.

On December 14, 1907, Adelaide J. Holdridge, of the
village of Brighton, Mich., an old lady without living
children, desirous of disposing of her property by will,
was advised by a friend, formerly a banker, that to dis-
pose of it by deed was preferable.   She followed this advice
and two deeds were executed.   She was the owner of cer-
tain real estate in California, and the premises involved
in this suit situated in the village of Brighton, Mich.,
estimated of equal value.   Her next of kin were Aurelia
E. Smith and Matilda Reiner, two sisters, Charles Judson,
a brother, and Aurelia Judson (now Aurelia Hill), Helen
Judson, and Evelyn Judson, children of Frank E. Judson,
a deceased brother.   On that date she made and executed
two voluntary full warranty deeds, except in each reserv-
ing to herself a life estate.   The real estate in California
she deeded to Aurelia E. Smith, her sister, and Charles
Judson, her brother.   The deed of the Michigan land
reads:

"This indenture, made this fourteenth day of December
in the year of our Lord, one thousand nine hundred and
seven, between Adelaide J. Holdridge of the Village of
Brighton, Michigan, of the first part, and Aurelia Judson,
Helen Judson, Evelyn Judson, daughters of Frank E.
Judson, deceased, and Matilda M. Reiner, parties of the
second part, witnesseth," etc.

167 MICH.—26.

The land is described as "village lots numbered five (5) and the north two rods of lot four (4) and the south half ($\frac{1}{2}$) of lots six (6) and seven (7) all being on block number three (3) of Gale's plat of said village as duly laid and platted and recorded excepting and reserving to said grantor," etc. The deeds are identical except as to the parties and descriptions of land conveyed. It is conceded that these were voluntary deeds delivered to William T. Fry for the grantees, to be given to them upon her death. It is also admitted that these conveyances were testamentary in character. The dispute in the case concerns the construction of the portion of the deed quoted which designates the grantees. The court construed the clause quoted as conveying the property to the four persons as tenants in common in equal undivided shares. Defendant and appellant contends that the deed should be so construed as to give her title to an undivided one-half, and to "Aurelia Judson, Helen Judson, Evelyn Judson, daughters of Frank E. Judson, deceased, title to the other undivided one-half of the premises." The appeal involves no other question.

If the trial court was correct in his construction, it must be held that the words "daughters of Frank E. Judson, deceased," are merely descriptive of these parties. The rule has been laid down in this State as follows: "Where a conveyance or deed to two or more persons does not state the interest of each, their estates are presumed to be equal," but this is a presumption, and may be overcome by proof. *Campau* v. *Campau*, 44 Mich. 31 (5 N. W. 1062); *City of Detroit* v. *Jacobs*, 145 Mich. 396 (108 N. W. 671). The grantees in this deed are "Aurelia Judson, Helen Judson, Evelyn Judson, daughters of Frank E. Judson, deceased, and Matilda M. Reiner." While this deed does not state the interest of each of the grantees named, it does put the three first named together, designating them as daughters of the grantor's deceased brother. The testimony of Mr. Fry as to the intention of the grantor to divide her property into four equal parts, and

give it in equal shares to her next of kin, is uncontradicted. The simple way indicated to her was followed within a week by the execution and delivery of these deeds to him. This testimony is conclusive, if any parol evidence was admissible in the case.

The presumption, above stated, raised by such conveyance, can be overcome by parol. It usually would be the only kind of evidence available for such purpose.

This case is distinguishable from *Sanborn* v. *Loud*, 150 Mich. 154 (113 N. W. 309, 121 Am. St. Rep. 614), where the deed was issued to Sanborn and Avery, "executors of the estate of James W. Sanborn," and, further, "to their heirs and assigns forever." The court at the outset declared that, if the construction insisted upon that they took as executors was followed, " it would require us to cast out of the instrument the words 'their heirs and assigns, forever,' and substitute in their stead 'their successors and assigns' or some equivalent expression. This we are prohibited from doing by all sound rules of construction." It was therefore held that the words, "executors," etc., were merely descriptive. Having determined that parol evidence in the instant case was admissible, it is unnecessary to cite authorities that the language of the instrument, the intention of the grantor, and the surrounding circumstances, may be considered in arriving at a proper construction.

Under the proofs, our construction is that, by the deed in question, the grantor intended to convey and conveyed to the three daughters of her deceased brother as designated an undivided one-half of the land described, and to her sister Matilda Reiner an undivided one-half of the same. The decree of the court below will be modified accordingly with respect to the partition of the land and the moneys in defendant Reiner's hands, and otherwise affirmed. Costs will be allowed to appellant.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.