for those of its connecting carriers, who thereby became its agents for the through carriage. The language of the amendment does not disclose any intent to enlarge the liability of the initial carrier for loss occurring on its own line, or the liability of the connecting carrier for loss occurring on its line for which the initial carrier must respond. Nor does the act impose an absolute liability upon the initial carrier for loss occurring on either line. The language is not that the initial carrier shall be liable for any loss occurring on its own line or that of its connection, but "for any loss, damage, or injury to such property caused by it or by any common carrier　*　*　*　to which such property may be delivered or over whose line or lines such property may pass." That is to say, the loss must be caused by the default, omission, or commission of the initial carrier or its connection in order that liability therefor may be imposed upon the initial carrier. The words "caused by it or by the" connecting carrier have a distinct meaning, and were used advisedly by Congress to indicate its intention as to what liability should be imposed upon the initial carrier, as distinguished from an absolute liability from all loss occurring on either line. A loss occurring without the design or neglect of the carrier cannot in any sense be said to be caused by such carrier, and for this reason a loss occurring from fire on a vessel of a connecting carrier, without its design or neglect, for which it is relieved from liability by the provisions of sections 4282 and 4289 of the United States Revised Statutes, cannot be said to be a loss for which the initial carrier is liable. Those sections are available as a defense to the water carrier, notwithstanding the carriage may be under a through bill of lading. D'Utassy v. Mallory S. S. Co. (Sup.) 147 N. Y. Supp. 313. Being available to the connecting carrier, which is the agent of the initial carrier, they are also available to the latter. It certainly was not the intention of Congress, nor does the language of the act admit of a construction which would impose upon the initial carrier a liability for a loss on the line of one of its connecting carriers, from which liability such carrier is exempted by statute.

For these reasons I conclude that the demurrer is not well taken and should be overruled, with the privilege to the plaintiff of withdrawing the same on the payment of $5 costs.

---

(84 Misc. Rep. 684)

### In re HELLING.

#### (Surrogate's Court, Kings County.　March, 1914.)

1. WILLS (§ 523*)—BENEFICIARIES—GIFT TO CLASS—PERSONAL LEGACY.

   Where the only indication in a will respecting several beneficiaries of a fund was that they were named and described by words which, unless qualified, would throw them into a class, the gift would be considered a personal legacy.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1115; Dec. Dig. § 523.*]

2. WILLS (§ 525*)—LEGACY—PROPORTIONS.

   Where a legacy is bequeathed to two or more persons, and there is no definition of the proportions in which they are to take, they take equally.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1129–1139; Dec. Dig. § 525.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. WILLS (§ 527*)—BEQUEST—DIRECT ISSUES.

Where testator devised the remainder of his estate to two children by previous marriage, or if dead to their direct issue evenly, and if no issue to either one of them the bequest to be divided equally between their mother and testator's brother if alive, or to his issue, and one of testator's children was dead when the will was made, and left no issue, the share of the residue passed in equal shares to her mother and testator's brother.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1140; Dec. Dig. § 527.*]

Judicial settlement of the accounts of William Grant Helling, as executor of Charles Louis D'Yvernois, deceased. Application for distribution granted.

Julius Albers, of New York City, for executor.

Richards Mott Cahoone, of Brooklyn (Frederick H. Chase, of Brooklyn, of counsel), for Louise Chambaz.

Henry Escher, Jr., of Brooklyn (Lawson R. Jones, of New York City, of counsel), for Samuel D'Yvernois.

KETCHAM, S. Upon this accounting construction is required of the following provision of the will:

"I give, devise and bequeath all the remaining of my property either real or personal to my two children (born of a previous marriage contracted in the year one thousand eight hundred and sixty-five in Geneva Switzerland with Louise Victoire Chambaz) being Samuel D'Yvernois and Abrahamine D'Yvernois or if dead to their direct issue evenly and if no issue to either one of them the bequest to be divided equally between their mother if alive et my brother Emile Phillippe D'Yvernois if alive or his issue."

The testator's child Abrahamine was dead at the time when the will was made and has left no issue.

[1] Where in a will the only indication respecting several beneficiaries of a fund is that they are named and are also described by words which, unless qualified, would throw them into a class, the gift must be construed as a personal legacy. Moffett v. Elmendorf, 152 N. Y. 475, and cases cited at pages 484 and 485, 46 N. E. 845, 57 Am. St. Rep. 529. "Every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common unless expressly declared to be in joint tenancy" (Real Property Law [Consol. Laws, c. 50] § 66), which also applies to personal property. Matter of Kimberly, 150 N. Y. 90, 93, 44 N. E. 945, 946.

[2] Where, in a legacy to more than one person, there is no definition of the proportions in which they are to take, they take equally.

[3] The subsequent provisions in the will at bar being substitutionary, it would be intolerable that they should operate only in case of the death of both primary legatees. Rather should they be applied to the death of either of the first-named legatees, so that, upon the death of either, the gift over should take effect. Hence, since Abrahamine died without issue before the execution of the will, the share of the residue which would have been hers, had she survived, is to be divided equally between her mother and the testator's brother.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes