EVERETT SCHOOL DIST. NO. 24, SNOHOMISH COUNTY, WASH., v.
PEARSON, County Treasurer, et al.

(District Court, W. D. Washington, N. D.  March 27, 1918.)

No. 142.

1. WOODS AND FORESTS ⊜⇒8—DONATION FROM FOREST RESERVE INCOME CREATES
TRUST FOR PUBLIC SCHOOLS AND ROADS.

Act May 23, 1908 (Comp. St. § 5149), providing that "twenty-five per
centum of all money received from each forest reserve during any fiscal
year * * * shall be paid at the end thereof by the Secretary of the
Treasury to the state or territory in which said reserve is situated, to
be expended as the * * * Legislature may prescribe for the benefit
of the public schools and public roads of the county or counties in which
the forest re. erve is situated," creates an express trust, of which the
several school districts and road districts of such counties are the bene-
ficiaries, and any such district may sue in equity to enforce the trust.

2. CONSTITUTIONAL LAW ⊜⇒63(3)—DELEGATION OF POWER; APPOINTMENT OF
FUND CREATED BY STATUTE.

Under Act May 23, 1908 (Comp. St. § 5149), donating a fund to a state,
"to be expended as the * * * Legislature may prescribe for the bene-
fit of the public schools and public roads" of certain counties, the Leg-
islature cannot delegate power to the county commissioners to apportion
the fund between the school and road districts.

3. WOODS AND FORESTS ⊜⇒8—APPORTIONMENT OF FUND BETWEEN BENEFICI-
ARIES.

Under Act May 23, 1908 (Comp. St. § 5149), creating a trust fund from
the income derived from forest reserves, to be expended under direction of
the state Legislature for the benefit of the public schools and public roads
of the county in which the reserve is situated, and Laws Wash. 1907, p.
406, directing payment of the fund to the county treasurer, and directing
the county commissioners to expend the same "for the benefit of the public
schools and public roads," the schools and roads of the county are en-
titled to share equally in the fund.

4. OFFICERS ⊜⇒111—EXECUTION BY PUBLIC OFFICERS; LIABILITY FOR DIVER-
SION OF FUND.

Public officers, who are custodians of trust funds under an express
trust, are liable for any misappropriation, and must account to the fund
for sums diverted.

In Equity.  Suit by the Everett School District No. 24, Snohomish
County, Wash., for itself and on behalf of all other school districts in
Snohomish county, against D. Carl Pearson, County Treasurer, and
Snohomish county.  On motion to dismiss bill.  Denied.

Henry W. Pennock, of Seattle, Wash., for plaintiff.

Lloyd L. Black and Jesse H. Davis, both of Everett, Wash., for de-
fendants.

NETERER, District Judge.  The complainant alleges, in substance,
that it is a municipal corporation, having its principal office in the city
of Everett; that the defendant Pearson is the treasurer of Snohomish
county; that the issue tendered is one of common interest to more than
1,000 districts in the state, and of particular interest to 78 school dis-
tricts, in addition to plaintiff, within the county of Snohomish; that by
act of Congress approved March 4, 1907 (U. S. Comp. Stat. 1916, §

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5146), the Secretary of the Treasury was directed to pay to the treasurer of the state 10 per cent. of all moneys received by the United States from forest reserves situate within such state during any fiscal year, including the year ending June 30, 1906; that said money be expended as the Legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which a forest reserve is situated; that by the act of Congress approved May 23, 1908 (U. S. Comp. Stat. 1916, § 5149), the amount to be so paid was increased from 10 per cent. to 25 per cent.; that afterwards there was remitted, pursuant to the provisions thereof, annually such amount of the proceeds from the sale of timber from the forest reserves within Snohomish county; that on March 15, 1907, by legislative enactment (Laws 1907, c. 185), with approval of the Governor of the state, the state treasurer was directed to pay to the treasurers of the respective counties the proportionate amount belonging to said counties by reason of such act; that by the same act the county commissioners of the respective counties were authorized and directed to expend the same for the benefit of the public schools and public roads thereof, and not otherwise; that the state treasurer remitted to the treasurer of Snohomish county $32,433.41 for the years 1907 to 1917, inclusive, and from said sum there was placed in the road and bridge fund the sum of $30,910.85, and in the various county school district funds the sum of $1,522.56; that the county commissioners assumed to direct the county treasurer in the apportionment made; that the exercise of such power was without authority; that the trust created by the act of Congress requires an equal division between the public schools and roads, to be expended for their benefit as the Legislature might direct; that the county treasurer of the respective counties to whom such trust fund was remitted became trustee thereof, and was only empowered to make such apportionment equal to the two funds; that by such conduct the defendants have misappropriated and diverted from the public schools of Snohomish county $14,694.14; that there is now on deposit with the county treasurer of Snohomish county $2,500, which the defendants are threatening to disburse in violation of acts of Congress and the act of the Legislature of the state.

The defendants have moved to dismiss, first, on the ground that the court has not jurisdiction of the subject-matter; second, that the bill of complaint does not state facts to constitute a valid cause of action in equity.

[1] No argument was presented upon the first ground of the motion to dismiss. It is contended that the execution of the trust must be left entirely to the good faith of the state and that, since it appears from the complaint that the funds received by Snohomish county have been devoted to a public purpose, Congress alone can inquire into the manner in which the trust has been executed; that no cause of action is stated. Emigrant Co. v. County of Adams, 100 U. S. 61, 25 L. Ed. 563, and Alabama v. Schmidt, 232 U. S. 168, 34 Sup. Ct. 301, 58 L. Ed. 555, are cited in support of this contention.

The reception of the money by the defendant treasurer, under the provisions of the congressional and state acts, carried with it notice of

the object and purpose of the money and its trust character, and any disposition of the funds contrary to the trust was at the defendants' peril (Smith v. Ayer, 101 U. S. 320, 25 L. Ed. 955), and the cestui que trust is not remediless when the fund is dissipated, but may sue in equity to protect such right (39 Cyc. 448; Grant v. Phœnix Life Insurance Co., 121 U. S. 105, 7 Sup. Ct. 841, 30 L. Ed. 905; President & Trustees of Bowdoin College v. Merritt [C. C.] 54 Fed. 55). Emigrant Co. v. County of Adams, supra, does not sustain the contention of the defendants. In this case the court merely held that the objections to the validity of the contract for the sale of swamp lands could not prevail, because—

"the state was to have full power of disposition of the lands, and only gives direction as to the application of the proceeds, and of this application only 'as far as necessary' to secure the object specified."

And in Alabama v. Schmidt, supra, Act March 2, 1819, c. 47, § 6, 3 Stat. 489, was held to operate as a present grant, and vested in the state fee-simple title to section 16, and the state had the right to subject the land to ordinary incidents of other titles in the state. The plaintiffs in those cases did not bear the relation to the issue as is sustained by the plaintiff in this case. The question for decision upon this issue is whether the language employed by the act of Congress and the act of the state Legislature, in requiring to be paid "for the benefit of the public schools and public roads of the county," directs the payment to each an undivided half interest in the fund.

[2] I think it must be conceded that the acts of Congress (Act March 4, 1907, and Act May 23, 1908, supra) created an express trust, of which the several school districts and road districts are the cestuis que trustents. The act of the Legislature of Washington of March 15, 1907, supra, does not deviate from the terms of the trust imposed by the act of Congress. The act contains, however, this provision:

"County commissioners of the respective counties to which the money is distributed are hereby authorized and directed to expend said money for the benefit of the public schools and public roads thereof, and not otherwise."

The act of Congress creating the trust for the schools and roads provided that the fund is "to be expended as the state or territorial Legislature may prescribe." The Legislature could not delegate any discretionary power reposed in it with relation to such fund. This is a discretion which must be exercised by the trustee provided by the act of Congress (Singleton v. Scott, 11 Iowa, 589), and in so far as this act, if it may be so held, seeks to delegate discretion, must be inoperative; but such issue is not in this case, as this matter must be determined upon the rights of the parties in the particular fund.

Schools have ever received the special consideration of Congress, and many grants to states in trusts for various objects are on the statute books,[1] and no diversion from the purpose is countenanced without the

[1] Act March 6, 1820, 3 Stat. 545, § 6, third (Missouri); Act March 3, 1845, 5 Stat. 788, § 1 (Florida); Act March 3, 1845, 5 Stat. 790, § 6, fifth (Iowa); Act Feb. 26, 1857, 11 Stat. 167, § 5, fifth (Minnesota); Act Feb. 14, 1859, 11 Stat. 383, § 4, fifth (Oregon); Act Sept. 4, 1841, 5 Stat. 453, §§ 1 and 2 (many states);

approval of Congress. Act March 4, 1907, c. 2934, 34 Stat. 1414. A distinction between grants for a specific purpose and grants to a state generally is recognized by Congress. Act Sept. 4, 1841, c. 16, 5 Stat. 453. Particular localities have been made the beneficiaries from the sale of lands located in such communities. Act March 6, 1820, c. 22, § 6, 3 Stat. 547 (U. S. Comp. Stat. § 6799 [42]); Act March 3, 1845, c. 75, 5 Stat. 788. The same policy evidently actuated the congressional mind by the act in issue, when it granted to the schools and roads in such counties 25 per cent. of the net proceeds received for the sale of timber from the forest reserve located in such county.

[3] It is contended by the plaintiff that the history of congressional grants is conclusive that each fund should receive an equal share. In the consideration of the act in issue, aside from the congressional policy gleaned from the legislative history which should be considered (United States v. Sweet, Adm'r [decided Jan. 28, 1918] 245 U. S. 563, 38 Sup. Ct. 193, 62 L. Ed. 473), it would seem that the general rule applicable to the construction of gifts, wills, and deeds should apply, where it is established that when bequests, gifts, or grants are made to two or more persons, each is presumed to take an equal share, in the absence of limitations to the contrary.[2]

[4] The power which was given by the state Legislature, supra, to the board of county commissioners to expend the moneys for the benefit of the public schools and the public roads, was only a power to expend the funds in the manner authorized by the laws of the state relating to roads and schools. There are many ways in which money available may be expended for roads or for schools. The money having been paid to the county treasurer for roads and schools, he had no authority to disperse the fund in any other proportion than directed by the act of Congress, which language was repeated by the state Legislature;[3] and the defendants, being the custodians of the trust funds, are liable for any misappropriation, and must account to the fund for the sums di-

Act Feb. 22, 1889, 25 Stat. 680, § 13; Rev. Stat. 1873–74, § 3689, p. 728 (permanent appropriation of proceeds of federal lands to several states for various purposes); Comp. Stat. 1916, § 6799(42).

[2] Markoe v. Wakeman, 107 Ill. 251, 261; Keuper v. Mette, 239 Ill. 586, 88 N. E. 218; Gerting v. Wells, 103 Md. 624, 64 Atl. 298, 433; Campau v. Campau, 44 Mich. 31, 5 N. W. 1062; Nippel v. Hammond, 4 Colo. 211–219; Hill v. Reiner, 167 Mich. 400, 132 N. W. 1031; Bennett v. Quinlan, 47 Mont. 247, 131 Pac. 1067; Lee v. Wysong, 128 Fed. 833–838, 63 C. C. A. 483; Ridley v. McPherson, 100 Tenn. 402, 43 S. W. 772; Jackson v. Moore, 94 App. Div. 504, 87 N. Y. Supp. 1101–1103; Baumann v. Guion, 21 Misc. Rep. 120, 46 N. Y. Supp. 715; Cage v. Tucker, 14 Tex. Civ. App. 316, 37 S. W. 180; Bittle v. Clement (N. J. Ch.) 54 Atl. 138; In re Conner's Will, 6 App. Div. 594, 39 N. Y. Sup. 900; Guerin v. Guerin, 270 Ill. 239, 110 N. E. 402; Harris v. Keasbey (N. J. Ch.) 53 Atl. 555; Eherts v. Fisher, 44 Mich. 551; Justice v. Stringer, 160 Ky. 354, 169 S. W. 836; In re Helling, 84 Misc. Rep. 684, 147 N. Y. Supp. 799.

[3] Mechanics' Bank v. Seton, 1 Pet. 299, 309, 7 L. Ed. 152; Wilson v. Mason, 1 Cranch, 45–100, 2 L. Ed. 29; McCall v. Harrison, 1 Brock. 126, Fed. Cas. No. 8,671; Allen v. McCalla, 25 Iowa, 480, 96 Am. Dec. 56; Miller v. Aldrich, 31 Mich. 420; Jones v. Abraham, 75 Va. 466; United States v. Carter, 217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594.

verted.[4] The evident purpose of the Congress, by the act, supra, was to have the schools and roads participate in the funds in equal shares. The motion to dismiss is therefore denied.

---

[4] Seattle v. Liberman, 9 Wash. 276, 37 Pac. 433; Potter v. New Whatcom, 20 Wash. 589, 56 Pac. 394, 72 Am. St. Rep. 135; New York Security, etc., Co. v. Tacoma, 30 Wash. 661, 71 Pac. 194; Hemen v. Ballard, 40 Wash. 81, 82 Pac. 277; Quaker City National Bank v. Tacoma, 27 Wash. 259, 67 Pac. 710.