### UNITED STATES v. PETERSON et al., and four other cases.

(District Court, W. D. Washington, N. D.   October 18, 1920.)

Nos. 5245, 5350, 5568, 5570, 5573.

1. **Criminal law ⬨⟶201—Intoxicating liquors ⬨⟶13—Conviction under state law bar to prosecution under National Prohibition Act.**
    Section 2, of the Eighteenth Amendment to the Constitution, providing that "the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation," does not confer power on state courts to enforce a congressional act, but on the Legislature of a state to enact legislation, not inconsistent with congressional legislation, for enforcement of the amendment; and a defendant who has been convicted in a state court for violation of such a state statute, whether enacted before or since the amendment, cannot be again prosecuted in a federal court on the same facts for violation of the National Prohibition Act.

2. **Criminal law ⬨⟶201—Conviction under municipal ordinance not bar to prosecution under National Prohibition Act.**
    A conviction for violation of a municipal ordinance is not a bar to a prosecution in a federal court for violation of the National Prohibition Act, based on the same facts.

Criminal prosecutions by the United States against Gus Peterson and Ernest Wickstrom, with four other cases. On pleas in bar. Sustained in two cases; overruled in three cases.

Robert C. Saunders, U. S. Atty., of Seattle, Wash.
John F. Dore, of Seattle, Wash., for defendants.

NETERER, District Judge. These cases are submitted together. The defendants in the several cases are charged with violation of the National Prohibition Act. Pleas in bar have been filed by each of the defendants in causes 5245 and 5568, setting forth conviction in the state court upon the same facts, and in causes 5573, 5570, and 5350, convictions in municipal courts upon the same facts. The sufficiency of the pleas is challenged.

The Washington Prohibition Law (Laws 1915, c. 2, p. 2) is more stringent in its provisions as to possession and use of intoxicating liquors than the National Prohibition Act (41 Stat. 305). It is sometimes

called a "bone-dry" law. To the same effect is the city ordinance. The question for decision is: What, if any, relation do the state law and city ordinance bear to the national act?

The Eighteenth Amendment to the Constitution reads:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from, the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

The Supreme Court, in Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946, decided June 7, 1920, said:

"6. The first section of the amendment * * * is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers, and individuals within those limits, and of its own force invalidates every legislative act, whether by Congress, by a state Legislature, or by a territorial assembly, which authorizes or sanctions what the section prohibits. * * *

"9. The power confided to Congress by that section [2], while not exclusive, is territorially coextensive with the prohibition of the first section, * * * and is in no wise dependent on or affected by action or inaction on the part of the several states or any of them."

Section 2, article 6, Constitution, provides:

"That this Constitution and the laws of the United States, and the laws * * * made in pursuance thereof, * * * shall be the supreme law of the land."

Section 2, art. 18, and section 2, art. 6, must have harmonious relation, since no express declaration in the amendment was made, nor are the provisions necessarily inconsistent. The national legislation, therefore, is paramount, and the state laws, when in conflict, must yield, Ballaine v. Alaska N. Ry. Co., 259 Fed. 183, 170 C. C. A. 251, and cases cited. Much "bewilderment" is created by "concurrent power to enforce by proper legislation," granted by section 2, art. 18. This is a conferred power, not upon courts of the state, giving them concurrent jurisdiction to enforce a congressional act, but primarily a power conferred upon the state Legislature, and through it upon the state courts, by such legislation as it may enact in harmony with the National Prohibition Act, to enforce article 18, and while the amendment "of its own force repeals" all inconsistent laws, it preserves inviolate laws of the state consistent with its provisions.

[1] The state, then, may by appropriate legislation exert its power to enforce article 18, either by new legislation or appropriate existing legislation. Neither article 18 nor the Congress sought to destroy any existing remedies by a state to curb the drink evil, and where existing remedies are provided by a state, available for the enforcement of article 18, and in harmony with the Prohibition Act, supra, the power of the state, through its courts, may be invoked, and a conviction in a state court for conduct which is in violation of the Pro-

hibition Act, supra, is a bar to a prosecution in the federal courts. It seems manifest that it was not the intent that a person should be punished by the state and federal law for the same offense.

[2] The concurrent power given to the state does not, however, authorize the state to delegate that power to municipalities. 'It is a power which must be exercised by the state itself. Everett School District v. Pearson et al. (D. C.) 261 Fed. 631. The state may confer power on municipal courts and officers to enforce under state authority article 18, but it has not done so. A conviction for violation of a municipal ordinance, pursuant to grant of power given by the state is not a bar to a prosecution in the federal court for violation of the provisions of the National Prohibition Act.

The plea to No. 5245 and No. 5568 is sustained, and to Nos. 5350, 5573, and 5570 is overruled.