## WOODS v. CITY OF SEATTLE et al.

(District Court, W. D. Washington, N. D. January 15, 1921.)

No. 228.

**1. Intoxicating liquors ⊂⊃6—State can prohibit acts permitted under National Prohibition Act.**

Const. U. S. Amend. 18, and the National Prohibition Act confer no rights to sell Jamaica ginger in quantities not prohibited by the act, but were intended as limitation upon privilege, and therefore a state, under its police power, can prohibit the sale of such quantities.

**2. Intoxicating liquors ⊂⊃10 (1)—State may delegate to city police power to prohibit.**

Though the concurrent power given a state by Const. U. S. Amend. 18, § 2, to enforce that amendment, cannot be delegated by the state, the state can delegate to a city its police power, independent of the amendment, to prohibit the sale of intoxicating liquor, as the state of Washington did by Const. Wash. art. 11, § 11, with the limitation that an ordinance thereunder should not be inconsistent with state statutes.

In Equity. Suit for injunction by J. H. Woods, sole trader, doing business under the name of the Northern Drug Company, against the City of Seattle and others. Motion for temporary injunction denied, and bill dismissed.

John F. Dore, of Seattle, Wash., for plaintiff.

Walter F. Meier, Thomas J. L. Kennedy, and Charles T. Donworth, all of Seattle, Wash., for defendants.

NETERER, District Judge. The plaintiff seeks to enjoin the defendant from interfering in the sale of Jamaica ginger to consumers without prescription in quantities not to exceed one or two ounces at a time, and from causing the plaintiff's arrest for making such sales, alleging that he is the owner of a retail drug store and is a registered druggist under the laws of the state; that under National Prohibition Act, § 1, tit. 2 (7), 41 Stat. 305, the term "regulation" shall mean any regulation prescribed by the commission with approval of the Secretary of the Treasury for carrying out the provisions of the act, and the Commissioner is authorized to make such regulation, and sets out the regulation, and that it is provided that Jamaica ginger must not be sold by retail druggists to consumers in quantities not exceeding one or two ounces at one time, etc.; that the regulation has the force and effect of statutory enactments, and that by reason of the regulation the plaintiff is entitled as a retail druggist to sell Jamaica ginger to consumers in quantities as stated; that under Ordinance 36,242, amended by Ordinance 41,733, and become operative on the 22d day of December, 1920, the selling of Jamaica ginger in the manner above set forth

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is prohibited; that on the 28th of December, 1920, an employee of the plaintiff was arrested by the defendant city and punished for selling a one-ounce bottle of Jamaica ginger to a consumer, and that defendants have threatened that he or his employees would be arrested upon each like sale; that Jamaica ginger is a common medicinal preparation and for years has been a "common household remedy"; that, unless injunction is granted, the plaintiff's rights will be infringed, and he will be harassed and forced to expend large sums of money in defending himself in the criminal courts, and that his "business will be destroyed" and his damage will exceed $10,000; that the ordinance and amendment, supra, contravene the Constitution.

The defendant resists the injunction and moves to dismiss the action. The plaintiff, in substance, contends that article 18 is a grant, and that by this amendment the state has surrendered to the national government its police power with relation to traffic in intoxicating liquor, while the contention of the defendant is that the state reserved its police power, limited only by the amendment and the National Prohibition Act, enacted pursuant thereto, and has full power to legislate with relation to the drink evil, not inconsistent with Article 18 or the Prohibition Act, supra. In United States v. Peterson (D. C.) 268 Fed. 864, this court said:

"Section 2, article 18, and section 2, article 6, must have harmonious relation, since no express declaration in the amendment was made, nor are the provisions necessarily inconsistent. The national legislation, therefore, is paramount, and the state laws when in conflict must yield."

[1] The plaintiff asserts that article 18, supra, and the National Prohibition Act, grant him a right to do except that which is prohibited, and that this right overrides all police power of the state with relation to intoxicants. In this the plaintiff is in error. Instead of granting a right, the amendment and the Volstead Acts are limitations upon privilege. The Supreme Court in Rhode Island v. Palmer, 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946, said:

"6. The first section of the amendment * * * is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers and individuals within those limits, and of its own force invalidates every legislative act whether by Congress, by a state Legislature or by a territorial assembly, which authorizes or sanctions what the section prohibits. * * *"

It is therefore apparent that the only legislation referred to is that "which authorizes or sanctions what the section prohibits." It was said in United States v. Peterson, supra:

"Neither article 18 nor the Congress sought to destroy any existing remedies by a state to curb the drink evil."

Section 11, c. 19, Laws of Washington 1917:

" * * * And it shall be unlawful for any person, other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol."

Section 1 of the same act:

"* * * And it shall be unlawful for any druggist or pharmacist * * * to dilute or adulterate alcohol or compound it with any other substance in such proportions that it shall be capable of being used as a beverage, and sell, barter, exchange, give away, furnish or otherwise dispose of the same, or to permit any alcohol to be diluted or adulterated or compounded with any other substance and drunk on the premises where sold. * * * *"

This is known as the Washington "Bone Dry Law." The National Prohibition Act does not reach into this zone, nor does the state authorize what the National Prohibition Act prohibits. The police power of the state, therefore, is paramount where it does not authorize what the National Act prohibits, and through its inherent reserve power it .has the right to legislate in such manner. The state may prohibit, but it may not authorize.

[2] The state, having this power by article 11, § 11, of the state Constitution, has granted to the defendant city police power, with a limitation that ordinances shall not be enacted in contravention of state statute. The Supreme Court of Washington in Seattle v. Hewetson, 95 Wash. 612, 615, 164 Pac. 234, 235, with relation to ordinance in issue, said:

"The ordinance was enacted on December 1, 1915. By section 10, art. 9, of the Constitution, any city of the first class has power to frame a charter for its own government, consistent with and subject to the Constitution and laws of the state. By section 11, a city may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws. Section 7507, Rem. Code, enumerates powers of a city of the first class. By subdivision 32 thereof, such city has power to regulate the sale or giving away of intoxicating liquors; by subdivision 33, to grant licenses for lawful purposes; by subdivision 34, to regulate the carrying on within its corporate limits of occupations which are of such a nature as to affect the health or the good order of the city."

The same court, in Seattle v. Brookins, 98 Wash. 290, 167 Pac. 940, said:

"The first two points made upon the appeal are (a) that the city had no power to pass the ordinance under which the appellant was charged and convicted, and (b) that the state, by the passage of initiative measure No. 3 (Laws of 1915, p. 2; Rem. Code, § 6262—1), expressed an intention of removing the subject of intoxicating liquors from the control of municipalities. These two points are answered adversely to appellant's contention in the recent case of Seattle v. Hewetson, 95 Wash. 612, 164 Pac. 234, and, under the holding in that case, the contentions are not well founded."

In United States v. Peterson, supra, it was said:

"The concurrent power given to the state does not, however, authorize the state to delegate that power to municipalities. It is a power which must be exercised by the state itself."

Concurrent power is not an issue here. The prohibiting by national legislation of traffic in liquor with more than one-half of one per centum of alcohol by volume does not prevent the state, or the city within the granted police power, to decide upon measures that are needful for the protection of its people by prohibiting possession or delivery of intoxicants fit for beverage purposes, under the guise of innocent preparations not within the National Prohibition Act. Ruppert v.

Caffey, 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. 260; Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; State v. Fabbri, 98 Wash. 207, 167 Pac. 133, L. R. A. 1918A, 416.

The fact, as alleged by plaintiff, that the sale of Jamaica ginger is not prohibited by the National Prohibition Act or regulations does not prevent the city from prohibiting such sale.

Plaintiff asserting his right to relief under art. 18, and the National Prohibition Act, and no right appearing, the motion for temporary injunction is denied, and the motion to dismiss granted.