

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
~~ATTORNEY GENERAL~~

Honorable H.S. Lilley
County Attorney
San Jacinto County
Coldsprings, Texas

Dear Sir:

Opinion Number O-5291
Re: What is the legal requirements
for the distribution of funds
derived from the Forestry De-
partment from the National
Forest situated in any county?

We are in receipt of your opinion request of May 5,
1943, which reads as follows:

"The following legal question has been sub-
mitted to me for answer and I find nothing in my
library that will answer same: What is the legal
requirements for the distribution of the funds
derived from the Forestry department from the
National Forest situated in any county?

"I will greatly appreciate any information
regarding same so that the Commissioners' Court can
distribute said fund as the law directs."

Replying to your inquiry you are advised that under
Act of May 23, 1908 (Statute 260), Section 500, Title 16, USC,
Congress provided "that hereafter 25 per centum of all moneys
received during any fiscal year from each forest reserve, in-
cluding the year ending June 30, 1908, shall be paid at the end
thereof by the Secretary of the Treasury to the State or terri-
tory in which said reserve is situated, to be expended as the
State or territorial Legislature may prescribe for the benefit
of the public schools and public roads of the county or counties
in which the forest reserve is situated; provided that when any
forest reserve is in more than one State or territory or county,
the distributive share of each from the proceeds of said reserve
shall be proportional to its area therein." You will observe
that the foregoing Act provided that the money should be expended
as the State or territorial Legislature may prescribe. The Leg-
islature of the State of Texas has not prescribed the method of
percentage of allocation between the public schools and public
roads of the several counties but did pass Senate Concurrent

Resolution No. 2, Acts of the Forty-fifth Legislature, First Called Session, which authorized the State Treasurer to prorate the funds received and apportion same to the several counties entitled to receive money under the foregoing Federal Act.

The Legislature of the State of Washington passed an Act authorizing the county commissioners of the respective counties to expend the money "for the benefit of the public schools and public roads thereof and not otherwise." In the case of Everett School District No. 24 vs. Pearson, 261 Fed. 631, the Federal District Court held "that such money could be expended only in a manner authorized by the laws of the State relating to roads and schools", and "the money having been paid to the county treasurer for roads and schools, he had no authority to dispense the funds in any other proportion than directed by the Act of Congress, which language was repeated by the State Legislature, and the defendants being the custodian of the trust funds are liable for any misappropriation and must account to the fund for the sums diverted." The court added the following sentence. "The evident purpose of Congress by the Act was to have the schools and roads participate in the funds in equal shares."

Since the Act of Congress provides that the money shall be expended "as the State or territorial Legislature may prescribe," and since the Legislature of the State of Texas has not prescribed how the money shall be prorated or distributed, the funds in the hands of the County Treasurer are trust funds with the County Treasurer of the respective counties as trustee thereof and should be held by the County Treasurer as a trust fund until the Legislature of the State of Texas authorizes the division and apportionment of said funds between the public schools and the public roads.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ C.F. Gibson
C.F. Gibson
Assistant

CFG:s:wc

APPROVED MAY 14, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman