FITZGERALD and T. G. KAVANAGH, JJ., concurred.

---

## PASKVAN v. KURU.

1. PROPERTY—TENANCY BY THE ENTIRETIES—PARTIES OTHER THAN HUSBAND AND WIFE—AMBIGUITY.

   A conveyance to 2 persons not husband and wife as "tenants by the entireties" is patently ambiguous, and should be explained.

2. SAME—EVIDENCE—PAROL TESTIMONY—COTENANTS.

   Parol testimony is admissible in suit to quiet title to real estate to establish the interest of cotenants where the grant does not state it, and to clarify ambiguity (GCR 1963, 754).

3. JUDGMENT—SUIT TO QUIET TITLE—TENANCY BY THE ENTIRETIES—PAROL EVIDENCE.

   Grant of summary judgment on the pleadings for defendant, in suit to quiet title to real estate owned by plaintiff who had the title placed in the names of her brother and herself as "tenants by the entireties," where defendant judgment creditor has levied on the brother's interest in the property *held,* reversible error, since the conveyance is patently ambiguous, and parol testimony should have been admitted to establish and clarify the interest of plaintiff (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1]  26 Am Jur, Husband and Wife §§ 66, 68.
    23 Am Jur 2d, Deeds §§ 43, 47, 50, 54.
[2]  44 Am Jur, Quieting Title § 83.
[3]  44 Am Jur, Quieting Title §§ 83, 84, 93.

Appeal from Houghton; Brennan (Leo J.), J. Submitted Division 3 October 4, 1966, at Marquette. (Docket No. 1,024.)   Decided December 8, 1966.

Complaint by Gladys Paskvan against John A. Kuru and Superior National Bank & Trust Company to remove a cloud from her title of a parcel of real estate, and for damages. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Wisti & Jaaskelainen (Sterling W. Schrock,* of counsel), for plaintiff.

*Walter T. Dartland,* for defendant Superior National Bank & Trust Co.

BURNS, P. J.  Plaintiff-appellant purchased a parcel of real estate August 16, 1962, and had title placed in the names of her brother, John R. Kuru, and herself as tenants by the entireties.  On August 25, 1963, defendant Kuru executed a promissory note to the defendant Superior National Bank & Trust Company, which was reduced to judgment when Kuru defaulted in his payment.  March 19, 1964, the bank filed notice of levy on the subject property and an execution sale was held July 13, 1964, whereby the bank purchased said property.

June 1, 1964, appellant filed suit to remove this cloud on her title and for damages caused by the bank's attempt to levy execution on the property when it was aware of the circumstances surrounding the ownership of the property.  She alleged that she paid $1,400 for the property and that the money used for the purchase price was from her individual estate.

In answer to the complaint the bank filed a motion for summary judgment* for the reason that the complaint failed to state a claim upon which relief could be granted. Summary judgment was granted for defendant.

Plaintiff appeals, claiming the complaint alleged facts to be determined by the trial court. The bank, as a judgment creditor of Kuru, levied on his interest in this property. The plaintiff seeks to show what that interest is. This action is proper under GCR 1963, 754.

A conveyance to 2 persons not husband and wife as "tenants by the entireties" is patently ambiguous, and should be explained.

Parol testimony is admissible to establish the interest of cotenants where the grant does not state it, and to clarify ambiguity. See *Hill* v. *Reiner* (1911), 167 Mich 400.

Reversed and remanded. Costs to appellants.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.

---

* GCR 1963, 117.2(1).