## THE PEOPLE v. TODD.

An act of the Legislature legalizing assessments for taxes for the fiscal year ending on the first day of March, is not void because the Constitution provides that the fiscal year shall commence on the first day of July, but the word "fiscal" in the act, may be treated as surplusage.

A complaint in an action to recover unpaid taxes is sufficient if it avers "that certain sums are due for certain taxes levied in the year 1858, upon certain real estate assessed in the year 1858," without stating that these taxes were levied under an assessment ending on the first day of March, 1858.

The addition of five per cent. imposed by Act of 1858, on the third Monday in October, upon the taxes of delinquents, may be recovered in the action, along with the unpaid taxes, as well as the cost of advertising.

Where an act of the Legislature provides that taxes which have been remitted by the Board of Supervisors shall be exempt from its provisions, it is not necessary to aver in the complaint that the taxes sued for have not been remitted; but that fact, if it exist, should be pleaded in bar of the action.

Courts have no power to go behind assessments legalized and confirmed by an act of the Legislature, to inquire into alleged errors and irregularities in the assessment.

Appeal from the Fifteenth Judicial District, Butte County.

Ths facts are stated in the opinion of the Court.

*O. C. Pratt*, for Appellant.

No assessment of taxes known to the laws of California, whether for State or other purposes, upon property, whether personal or real, were legalized, and confirmed, and rendered valid and binding against the persons assessed, by the act entitled "An Act to Provide for the Collection of Delinquent Taxes in the County of Butte," approved April 5th, 1861. That act was special, and confined in its terms to assessments of taxes upon property for the fiscal years ending on the first days of March for the respective years 1858, 1859, and 1860. There is no fiscal year known to the laws of California, ending on the first day of March in any year. Sec. 8, Art. 11 of the State Constitution, provides that "the fiscal year shall commence on the first day of July;" and as a consequence, no fiscal year can end on the first day of March.

The complaint counts upon a supposed cause of action under the special act approved April 5th, 1861, which professes only to legalize the assessments of taxes for "fiscal years" ending at par-

ticular and impossible dates under the Constitution; and it would be equally faulty if the facts contained in it were those provided for in the general act on the same subject, approved May 17th, 1861. (See Stat. 1861, 92, 471.) Both provide for rendering valid that which never had entity of any kind.

*George Cadwalader*, also, for Appellant.

*F. M. Pixley*, Attorney-General, for Respondent.

CROCKER, J. delivered the opinion of the. Court—NORTON, J. concurring.

This is an action to recover delinquent taxes, brought under an act entitled "An Act to Provide for the Collection of Delinquent Taxes in the County of Butte," approved April 5th, 1861 (Stat. 1861, 92). The defendant demurred to the complaint, the Court overruled the demurrer, the defendant declined to answer, and judgment was rendered accordingly against him, from which he appeals.

Section 1 of the act in question legalizes and confirms the assessment for taxes on all property "for the fiscal year ending on the first day of March, 1858, and for the fiscal year ending on the first day of March, 1859, and for the fiscal year ending on the first day of March, 1860." The appellant insists that no assessments for taxes were legalized by this act, because, as he contends, there is no fiscal year known to the laws of California ending on the first day of March of any year, and the State Constitution provides that " the fiscal year shall commence on the first day of July." We would not be justified in holding this statute void because it uses the term " fiscal " in an inappropriate manner. On the contrary, if necessary, it would be more appropriate to treat the word " fiscal " as surplusage, and thus give the statute full effect. The general revenue law in force at the time these taxes were levied provided that the Assessor should commence assessing property for taxes on the first Monday of March of each year, and it is evident that the statute intended to refer to this period of time in legalizing the yearly assessments referred to. The mere fact that it terms these yearly periods of time " fiscal " years, certainly would not have the effect of invalidating the law. They had the right and power to

People *v.* Todd.

designate these yearly periods of time by any term they might see fit, which would convey their meaning and intention, and there can be no valid objection to their using the term "fiscal" for that purpose.

The second section of the act in question authorizes the District Attorney to commence civil actions "to recover the unpaid taxes in said county for the fiscal years mentioned in the last section." The complaint avers that certain sums were due for certain taxes "levied in the year 1858" upon certain "real estate assessed in the year 1858," describing it. It is contended that no such taxes were provided for in the act, because it does not aver in precise terms that these taxes were levied under an assessment of property "for the fiscal year ending on the first day of March" either of the year 1858, 1859, or 1860. It is only necessary, under our system of practice, to state the facts in a pleading in "ordinary and concise language;" and a pleader is not required to use the precise and specific terms employed by the statute. There is no difficulty in understanding, from the terms used in this pleading, that the action was brought to recover taxes levied upon property assessed for that purpose during the year commencing on the first Monday of March, 1858, and ending on the day preceding the first Monday of March, 1859—as by the law in force this assessment and levy had to be made during that portion of such yearly period included in the year 1858, and could not be made after that. This objection, therefore, is not valid.

The complaint avers that the taxes sued for "were levied upon and assessed against the following property, belonging to said defendant, in the County of Butte." It is objected that it does not state that the property belonged to or was claimed by the defendant at the time of the assessment. Even if it were necessary to aver that the property belonged to the defendant at the time of the assessment, the complaint states that fact with sufficient certainty. The fair meaning of the language used is substantially to that effect. But we do not wish to be understood as holding that such an avrement is necessary; for the general revenue law makes parties in the possession, charge, or control of property, liable for the taxes thereon, whether they own it or not. This objection is therefore overruled.

The complaint contains two items; one being the five per cent. imposed by section thirteen of the general revenue law in force in 1858 (Wood's Digest, 618), amounting to forty-one dollars and forty-six cents, and another item of one dollar for advertising. The defendant insists that these items cannot be recovered in action. In the case of *The People* v. *Seymour* (16 Cal. 332), which was an action under a law similar to the one we are considering, the same objections were made to the complaint; but the Court affirmed the judgment of the Court below, which included these items, evidently considering them as properly included within the terms of the statute.

The eighth section of the act provides that " all taxes and assessments which were remitted by the Board of Supervisors of Butte County, and which may hereafter be remitted, shall be exempt from the provisions of this act." The appellant contends that the complaint is insufficient, because it contains no averment that the taxes sued for were not remitted by the Board of Supervisors. This objection is not tenable. If the taxes had been wholly or in part remitted, that fact could and should have been pleaded in bar of the action.

It is also contended that the description of the real estate in the complaint shows that a portion of it lies in the County of Colusa, and therefore the action will not lie. As we have already shown, the complaint sufficiently avers that the property belonged to the defendant at the time of the assessment, and if it is true that a portion of the property thus assessed lay in the County of Colusa, and therefore is not taxable in Butte County, he could have applied to the Board of Equalization and had the error corrected. The assessment having been made in Butte County, the act in question legalizes and confirms the assessment, and makes it " valid and binding, both in law and equity." We do not think the Courts have the power to go behind assessments thus declared legal and binding, and inquire into alleged errors and irregularities in the assessment, especially where the defendant has neglected to have such errors and irregularities corrected by the proper tribunal provided by law for that purpose.

The judgment is affirmed.