[Civ. No. 1195.   Third Appellate District.—February 12, 1914.]

GOLDEN & COMPANY (a Corporation), Petitioner, v. THE JUSTICE'S COURT OF GUINDA TOWNSHIP et al., Respondents.

INTOXICATING LIQUORS—WYLLIE ACT—SOLICITATION OF ORDERS FOR LIQUOR IN NO-LICENSE TERRITORY.—The application for a writ of prohibition is denied in this case on the authority of *Golden & Company* v. *Justice's Court of Woodland Township, ante,* p. 778.

APPLICATION for Writ of Prohibition to be directed against the Justice's Court of Guinda Township, Yolo County, and J. H. Norton, Justice of said Court.

The facts are stated in the opinion of the court.

Hoefler & Morris, for Petitioner.

A. G. Bailey, District Attorney, for Respondents.

I. M. Golden, *Amicus Curiae.*

HART, J.—This is an application for a writ of prohibition to restrain the respondents from taking further steps in a certain proceeding, now pending before them, and which is based upon a complaint whereby the petitioner is charged with the violation of the provisions of section 4 of ordinance No. 72 of the county of Yolo, passed by the board of supervisors of said county on the fifth day of September, 1911.

The purpose of said ordinance is the regulation of the business of selling intoxicating liquors in the said county of Yolo. Section 2a provides that ten licenses and no more shall be issued in Yolo County to carry on and conduct the liquor traffic, and then follows a designation of the towns and places wherein the right to carry on said business under the licenses mentioned, when the same are duly issued, may be exercised. No part of the territory in said county known as Guinda township, of which the respondents are the justice's court and the justice of the peace, is included among those in which licenses to conduct the liquor traffic may be issued under said ordinance.

Section 4 of said ordinance provides: " . . . It shall be unlawful for any person, company, association or club, as principal, agent, employee, or otherwise, within the limits of the county of Yolo, to solicit orders, take orders or make agreements for the sale or delivery of alcoholic liquors."

The complaint filed against the petitioner with the respondents is made a part of the petition for the writ applied for here, and from said complaint it appears that the petitioner is charged with soliciting an order in said Guinda township for alcoholic liquors by means of a circular letter, sent through the U. S. mail to a resident of said township at his post-office address therein. The circular letter, which is set out in said complaint, is substantially in the language of the letter involved in the case of *Golden & Company* (the petitioner here) v. *Justice's Court of Woodland Township et al., ante,* p. 778 [140 Pac. 49], (Civ. No. 1194), this day decided.

Both cases were submitted to this court at the same time and upon the same oral arguments and briefs, both involving precisely the same legal questions. Therefore, upon the authority of the case of *Golden & Company* v. *Justice's Court of Woodland Township, et al.,* the relief applied for here must be denied and the alternative writ of prohibition accordingly discharged.

Such is the order.

Chipman, P. J., and Burnett, J. concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 13, 1914.