[Crim. No. 567.   Third Appellate District.—June 17, 1921.]

In the Matter of the Application of CAESARI VOLPI for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—PROHIBITION AMENDMENT—ENFORCEMENT BY MUNICIPAL LEGISLATION—CONFLICT.—A municipality, by virtue of its constitutional right to exercise police powers, may enact legislation for the enforcement of the eighteenth amendment of the United States constitution; and the fact that such legislation is more exacting or that the penalty imposed is more or less severe than that of the legislation enacted by Congress does not constitute a conflict between them, or render such municipal legislation void.

[2] ID.—EXPRESSED PURPOSE OF STOCKTON ORDINANCE—SURPLUSAGE.— The ordinance of the city of Stockton, enacted for the expressed purpose of enforcing the eighteenth amendment of the United States constitution, being complete in itself, independent of the purpose expressed, and being a valid enforcement of the police powers under section 11, article XI, of the state constitution, the expression of purpose may be treated as surplusage.

PROCEEDING on Habeas Corpus to secure the release of petitioner after conviction under municipal prohibition ordinance.   Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Tye & Edwards and Walter F. Lynch for Petitioner.

J. W. Hannan, M. P. Shaughnessy and E. E. Grant for Respondent.

FINCH, P. J.—Petitioner was convicted under an ordinance of the city of Stockton of selling intoxicating liquor containing more than one-half of one per cent by volume of alcohol and sentenced to pay a fine of $150, with the alternative of imprisonment in the county jail. Failing to pay the fine, he was imprisoned and now seeks release by *habeas corpus* on the following grounds: 1. That "no power is conferred upon municipalities to enact legislation for the enforcement of the eighteenth amendment, and any penal ordinance by municipalities upon the subject of prohibition or its enforcement is void and in violation of said section of the constitution. 2. That the ordinance is void in that it conflicts with the Volstead Act."

The text of the eighteenth amendment is as follows:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

In *Rhode Island* v. *Palmer*, 253 U. S. 350, [64 L. Ed. 946, 40 Sup. Ct. Rep. 486], the supreme court, having under consideration the eighteenth amendment and the Volstead Act, among other conclusions, announced that the first section of the eighteenth amendment "of its own force invalidates every legislative act—whether by Congress, by a state legislature, or by a territorial assembly—which authorizes or sanctions what the section prohibits." That the second section of the amendment "does not enable Congress or the several states to defeat or thwart the prohibition, but only to enforce it by appropriate means." That "the words 'concurrent power' in that section do not mean joint power, or require that legislation thereunder by Congress, to be effective, shall be approved or sanctioned by the several states or any of them; nor do they mean that the power to enforce is divided between Congress and the several states along the lines which separate or distinguish foreign and interstate commerce from intrastate affairs." That "the

power confided to Congress by that section, while not exclusive, is territorially coextensive with the prohibition of the first section . . . and is in nowise dependent on or affected by action or inaction on the part of the several states, or any of them."

Since the adoption of the eighteenth amendment a number of state and federal courts have had occasion to pass upon questions similar to those here presented. In all of those cases convictions were upheld, whether prosecuted under state laws or municipal ordinances. In *Commonwealth* v. *Nickerson*, 238 Mass. 281, [10 A. L. R. 1568, 128 N. E. 273], the defendant was convicted under a state law enacted prior to the adoption of the eighteenth amendment. The court said that "legislation by the states need not be identical with that of Congress. It cannot authorize that which is forbidden by Congress. But the states need not denounce every act committed within their boundaries which is included within the inhibition of the Volstead Act, nor provide the same penalties therefor. It is conceivable that a state may forbid under penalty acts not prohibited by the act of Congress. . . . State statutes, rationally adapted to putting into execution the inexorable mandate against the sale of intoxicating liquors for beverage contained in section 1 of the amendment by different definitions, regulations and penalties from those contained in the Volstead Act, but in harmony therewith, are valid. Existing laws of that character are not suspended or superseded by the act of Congress." In *State* v. *District Court* (Mont.), 194 Pac. 310, it was held that the adoption of the eighteenth amendment did not render inoperative the state prohibition law enacted prior thereto. The court said: "In adopting the amendment, the states did not deprive themselves of the power to make laws for their internal government upon the subject of intoxicating liquors. . . . So long as legislation of a state actually seeks to enforce, by appropriate legislation under the second section of the amendment, what is prohibited by the first, no valid objection can be made, even though the state law may differ from that of Congress. The authority of the states is not to enforce the acts of Congress, but to enforce the amendment itself." In *State* v. *Turner*, 115 Wash. 170, [196 Pac. 638], it was held that the eighteenth amendment and the Volstead Act do not supersede the state law upon

the same subject. To the same effect is the case of *United States* v. *Holt,* 270 Fed. 639. In *Jones* v. *Hicks,* 150 Ga. 657, [11 A. L. R. 1315, 104 S. E. 771], it was held that the eighteenth amendment and legislation thereunder by Congress, "does not impair the integrity of any existing state statute to enforce prohibition, nor can it interfere with the enactment of any future legislation by the states for that purpose." In the case of *Gilmore* (Tex. Civ. App.), 228 S. W. 199, it is said that "the impotence of the state, in view of the federal law, to render lawful the manufacture, sale or transportation of a beverage containing more than one-half of one per cent of alcohol does not imply that the state, in the exercise of its judgment, could not elect to punish persons who dealt in intoxicants containing one per cent or more of alcohol. Its refusal to punish where the percentage of alcohol was less than one per cent would not obstruct or impede the right of the federal government to do so under its laws. . . . The framers of the amendment, having selected language specifically conferring upon the states concurrent power to enforce the prohibition by appropriate legislation, in our opinion did not intend that the state's legislation should be identical with that of Congress. . . . Should an irreconcilable conflict develop, no doubt the provisions of the federal constitution making that document and the laws of Congress paramount would prevail. But neither Congress nor the state being able to thwart the prohibition, but being empowered to enforce it, the development of such a conflict would appear remote, if not impossible. The difference in the penalty prescribed by Congress and the state would not condemn the state law as unconstitutional."

Petitioner relies upon the case of *United States* v. *Peterson,* 268 Fed. 864. In that case it was held that "the concurrent power given to the state does not, however, authorize the state to delegate that power to municipalities. It is a power which must be exercised by the state itself." In a later decision by the same judge, *Woods* v. *City of Seattle,* 270 Fed. 315, involving the validity of a city ordinance prohibiting sales of intoxicating liquors which the Volstead Act and the regulations made pursuant thereto permitted, it is said: "The plaintiff asserts that article XVIII, *supra,* and the National Prohibition Act, grant him a right

to do except that which is prohibited, and that this right overrides all police power of the state with relation to intoxicants. In this the plaintiff is in error. Instead of granting a right, the amendment and the Volstead Acts are limitations upon privilege. . . . The police power of the state, therefore, is paramount where it does not authorize what the national act prohibits, and through its inherent reserve power it has the right to legislate in such manner. The state may prohibit, but it may not authorize. The state, having this power, by article XI, paragraph 11, of the state constitution, has granted to the defendant city police power, with a limitation that ordinances shall not be enacted in contravention of state statutes. . . . In *United States* v. *Peterson, supra,* it was said: 'The concurrent power given to the state does not, however, authorize the state to delegate that power to municipalities. It is a power which must be exercised by the state itself.' Concurrent power is not an issue here. The prohibiting by national legislation of traffic in liquor with more than one-half of one per centum of alcohol by volume does not prevent the state, or the city within the granted police power, to decide upon measures that are needful for the protection of its people by prohibiting possession or delivery of intoxicants fit for beverage purposes, under the guise of innocent preparations not within the National Prohibition Act.'' In *Ex parte Crookshank,* 269 Fed. 980, the validity of an ordinance of the city of Bakersfield was assailed on grounds similar to those urged here. It was there contended that a municipality is without power to enact or enforce legislation in restraint of the liquor traffic, under the eighteenth amendment or otherwise, until the state has, by appropriate enforcement legislation, enacted subsequently to the ratification of the amendment, actually authorized such municipality so to do. In upholding the ordinance the court said: ''It may not, I think, be maintained with success that in the adoption and ratification of the eighteenth amendment the several states were surrendering any of the powers theretofore possessed by them respecting their own jurisdiction to prescribe effective prohibition of that traffic. In all that was done, they were simply conferring upon the federal government the like power to prohibit, which theretofore, in virtue of its organization and the character of the powers

reserved to the states, it had not possessed. . . . The state of California, as a sovereign state of the Union, by its constitution (section 11, article XI), has heretofore conferred upon 'any county, city, town or township' the authority to 'make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws'. . . . If the state of California is in receipt of any 'new' power, in virtue of the terms of section 2 of the eighteenth amendment, such power, it would seem, has already been appropriately conferred upon the city of Bakersfield.'' [1] It is seen that the contentions of the petitioner find no support in the decisions relative to the national amendment.

The police power is inherent in the state and is one of the necessary attributes of its sovereignty. It is not a grant from the federal government, but is reserved exclusively to the states, except as expressly surrendered by them in the manner provided by the national constitution. No one subject has required the more constant exercise of that power than the traffic in intoxicating liquors. In the adoption of the eighteenth amendment there is no apparent intent to surrender this important power to the general government. By that amendment the federal government is authorized to exercise police powers theretofore exclusively within the province of the states to the extent of enforcing the provisions of the amendment. No power is given Congress to authorize the sale of intoxicating liquors, but, on the contrary, such authorization is expressly forbidden, both to Congress and the states. Some confusion apparently exists as to the source of the present power of the states to prohibit the traffic in intoxicants, one point of view being that it is derived solely from the second section of the eighteenth amendment, the other that it is an inherent power which the states have never surrendered. The latter view seems the more logical, with the qualification that the second section may confer upon the states authority relative to the importation and exportation of intoxicating liquors not theretofore possessed by them. Should the federal government and a state differently define the term ''intoxicating liquors,'' it appears that both enactments would be equally binding upon the people of the state, the one enforceable

exclusively through the federal courts, the other through the courts of the state.

If it be conceded that Congress is empowered to nullify a state law on the subject, still it does not appear that the Volstead Act was intended to have that effect. "It should never be held that Congress intends to supersede or by its legislation suspend the exercise of the police power of the states, even when it may do so, unless its purpose to effect that result is clearly manifested. This court has said— and the principle has often been reaffirmed—that 'in the application of this principle of supremacy of an act of Congress in a case where the state law is but the exercise of a reserved power, the repugnance or conflict should be direct and positive, so that the two could not be reconciled or consistently stand together.' *Sinnot* v. *Davenport,* 22 How. 227, 243, [16 L. Ed. 243, 247]." (*Reid* v. *Colorado,* 187 U. S. 148, [47 L. Ed. 114, 23 Sup. Ct. Rep. 96, see also, Rose's U. S. Notes].) The fact that the statute or ordinance of the lesser jurisdiction is more exacting, or that the penalty imposed is more or less severe than that of the greater, does not constitute a conflict. If prosecuted under the one, a defendant is entitled to the protection which that law affords him; if under the other, his rights are governed by its provisions. (*In re Hoffman,* 155 Cal. 114, [132 Am. St. Rep. 75, 99 Pac. 517].)

[2] Section 26 of the ordinance provides, among other things, that "the Council of the City of Stockton hereby declares that this ordinance shall be deemed to be an exercise of the power granted by the 18th Amendment to the Constitution of the United States, and of the police power of the City of Stockton, etc." Section 2 of the eighteenth amendment authorizes the states to enforce the amendment by appropriate legislation. As said in the Crookshank case, *supra,* by the provisions of article XI, section 11, of the state constitution, the state of California has already appropriately conferred upon municipalities the power to enforce the amendment. However, if the city of Stockton is not authorized to enforce the amendment, it is by the state constitution empowered to prohibit traffic in intoxicating liquors in the exercise of its police power. Though the expressed purpose is to enforce the provisions of the eighteenth amendment, that expression is not a necessary part of the ordi-

nance and can in nowise affect its validity. No objection is made that the ordinance, independent of the purpose expressed, is not complete in itself. Under such circumstances, the expression of purpose may be treated as surplusage. (*State* v. *Brothers*, 144 Minn. 337, [175 N. W. 685].)

We are not here concerned with the question whether a conviction or an acquittal under the provisions of the municipal ordinance could be pleaded in bar of a prosecution under the Volstead Act in the federal courts for the same act. In *United States* v. *Peterson*, 268 Fed. 639, cited by counsel for petitioner, it was held that such a conviction would not constitute a bar. It clearly appearing that the adoption of the ordinance was within the police power of the city, its validity is not dependent upon the possibility or impossibility of a second prosecution for an act in violation thereof.

The writ is discharged and the petitioner is remanded.

Hart, J., and Burnett, J., concurred.