[Crim. No. 566.     Third Appellate District.—October 13, 1921.]

THE PEOPLE, Respondent, v. BRAD COLLINS et al., Appellants.

[1] CRIMINAL LAW—SALE OF INTOXICATING LIQUORS—EFFECT OF VOLSTEAD ACT ON WYLLIE ACT.—The Wyllie Act (Stats. 1911, p. 599) was not superseded and rendered inoperative by the National Prohibition Act known as the Volstead Act.

[2] ID.—VIOLATION OF WYLLIE ACT—VENUE—EVIDENCE.—In a prosecution for selling intoxicating liquor in no-license territory in a given county supervisorial district, the venue is sufficiently shown where the prosecuting witness testifies that the liquor was obtained of the defendant at his place of business in a given town, and the defendant himself testifies that such town is in the county in question, and the sheriff testifies that such town is in the supervisorial district in question in such county.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. H. Braynard and Jas. T. Matlock for Appellants.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant Collins was convicted of selling alcoholic liquor in no-license territory in supervisorial district No. 5, county of Tehama, and he appeals from the judgment and the order denying his motion for a new trial. [1] His prosecution was under what is known as the Wyllie Act (Stats. 1911, p. 599), and one of his main contentions is that this statute was superseded and rendered inoperative by the National Prohibition Act known as the Volstead Act (Act Cong. Oct. 28, 1919, c. 85, 41 Stat. 305), and therefore the conviction was void. In answer to this claim it is sufficient to refer to *In re Volpi,* 53 Cal. App. 229 [199 Pac. 1090], and *Ex parte Crookshank,* 269 Fed. 980.

[2] There is no merit in the claim that the venue was not shown. Mr. Walker testified that the liquor was obtained of the defendant at his place of business in Gerber and appellant testified that Gerber is in Tehama County. Mr. Ballard, the sheriff, testified that Gerber is in the fifth supervisorial district of said county. In fact, there is no doubt upon this point, and we understand that no serious contention is made that the evidence fails to support the verdict.

Appellant complains that the court erred in refusing to give certain instructions proposed by him. We have examined them, and we find that, as far as they were exact and relevant, they were entirely covered by instructions which were given by the court.

As we view it there is nothing in the case to require extended consideration.

We find no error in the record and the judgment and order are affirmed.

Prewett, J., *pro tem.,* and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1921.

All the Justices concurred.

Lawlor, J., was absent; Richards, J., *pro tem.,* was acting.