[Crim. No. 616.   Third Appellate District.—April 24, 1922.]

## In the Matter of the Application of TEDDY PAPPAS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—VIOLATION OF COUNTY LIQUOR ORDINANCE — CONSTRUCTION OF COMPLAINT.—Where a county liquor ordinance makes the entire county, other than ten excepted places, "dry" territory, and further provides that such ten excepted places are "wet" only as to the person who has a license to conduct a place of business thereat, a complaint charging a person with conducting a place where alcoholic liquors were sold, served, and distributed, "the place not being then and there a licensed place of business" as provided in said ordinance, merely charges the defendant with conducting the place of business in question in a place *other than* a licensed place, and not with conducting it without procuring the necessary license so to do.

[2] ID.—CHARACTER OF PROVISIONS—EFFECT OF NATIONAL LEGISLATION. Ordinance No. 72 of the county of Yolo, while it contains provisions with reference to the sale of intoxicating liquors in "wet" territory which are regulatory rather than prohibitory, its provisions as to all other parts of the county are prohibitory, and these latter provisions were not superseded by the eighteenth amendment and the Volstead Act.

[3] ID.—EFFECT OF EIGHTEENTH AMENDMENT — UNFORESEEN FAILURE OF PORTION OF ORDINANCE—VALIDITY OF REMAINDER.—While a law or ordinance may be composed of such interrelated parts that an unforeseen failure of one part may justify the assumption that, in its mutilated form, it would not have been enacted, in view of the facts that Ordinance No. 72 of the county of Yolo rendered about ninety-five per cent of the county "dry" territory and the prohibitory provisions of the ordinance relating to such territory were in no way dependent upon the regulatory provisions thereof relating to the remainder of the county, and the right

---

Construction and effect of Volstead Act, note, 10 A. L. R. 1553.

to licenses in the latter territory was in no way dependent upon the fact that the remainder of the county was "dry," it cannot be assumed that the board of supervisors would not have passed such ordinance could it have foreseen that the license provisions of the ordinance would be rendered inoperative by the eighteenth amendment.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody after conviction of a violation of a county liquor ordinance. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

A. C. Huston, Harry L. Huston and S. W. Cross for Petitioner.

C. C. McDonald, District Attorney, for Respondent.

PREWETT, J., *pro tem.*—Teddy Pappas was convicted in a justice's court of the crime of violating Ordinance No. 72 of the county of Yolo. He will be referred to in this opinion as the petitioner.

[1] The operative portions of the complaint against him read as follows: "did then and there willfully and unlawfully keep, conduct and establish a place where alcoholic liquors were sold, served and distributed and were kept for the purpose of sale and distribution, *and the place not being then and there a licensed place of business* as provided in Ordinance No. 72 of said County of Yolo. . . . "

The italics are ours. The chief point urged in behalf of petitioner is that he is charged with conducting a place of business where alcoholic liquors are sold without first procuring the necessary license. Much of the argument and many of the authorities on the part of petitioner are directed to this point; but it is sufficient to say that he is not charged in the complaint with conducting the place of business in question without procuring the necessary license so to do. He is charged merely with conducting it in a place *other than* a licensed place.

To appreciate fully the import of the charge as laid in the complaint it is necessary to examine in detail the provisions of the ordinance with the violation of which petitioner stands charged. Chief of these is section 3, which reads as follows:

"Sec. 3. From and after the first day of October 1911, it shall be unlawful for any person, corporation, firm, company, association or club, within the limits of the County of Yolo, to keep, conduct or establish, as principal, agent, employee or otherwise any place where alcoholic liquors are sold, served or distributed or are kept for the purpose of sale or distribution, except at the ten licensed places mentioned and described in section one hereof. . . . "

Section 1, thus referred to, describes the ten excepted places. For convenience, we have divided into paragraphs the provision thus excepting them. It reads as follows:

" . . . (1) except at a fixed place of business described in this ordinance,

" (2) and in the license authorizing the same,

" (3) duly issued, to the person conducting the said business."

We employ the usual terms "wet" and "dry."

The ordinance further provides that all places in the county other than the said ten excepted places are "dry" territory and makes it a misdemeanor to sell alcoholic liquors or to conduct a place for its sale within them. Section 2a provides that a license may issue to carry on business at the ten excepted places. And a place remains "dry" until such license is issued. Otherwise stated, a place remains prohibition territory until a license is actually issued to the person who conducts a business thereat. In addition, of course, the place must be one of the ten described in the ordinance. All three of the conditions set out as paragraphs 1, 2, and 3 must concur in order to render it "wet" territory. And even then it is "wet" only in a limited degree. It is "wet" only as to the person who conducts a place of business thereat, and who has a license which authorizes the business and this license must be issued to him.

It is thus seen that the pleader merely negatives the fact that the place stated in the complaint is one of the ten excepted places. There is no intimation in the complaint that the petitioner is charged with the offense of carrying on the business without first procuring the necessary license. The language criticised describes the territory rather than the act of the offender.

[2] The petitioner insists that he could not lawfully be charged with the offense of failure to procure the license

required by the ordinance, since it is conceded that the license provisions are all superseded by the eighteenth amendment and the Volstead Act, and he cites many authorities to sustain this point. But since he is not charged with such failure, it would be unprofitable to examine these authorities at length. It is further conceded that this national legislation does not operate a repeal of county and state enactments that are not inconsistent therewith. If authorities were needed in support of this concession, reference may be had to *In re Volpi*, 53 Cal. App. 229 [199 Pac. 1090], and *People* v. *Capelli*, 55 Cal. App. 461 [203 Pac. 837]. Our conclusion that the petitioner is not charged with conducting a business without first procuring the necessary license nor with failure to procure a license eliminates many questions pressed upon our attention by his counsel.

The petitioner makes the further point that the ordinance in question is regulatory rather than prohibitory, and it is argued therefrom that all regulatory provisions are necessarily wiped out by the eighteenth amendment and the Volstead Act.

We are assured that this court, in the case of *Golden* v. *Justice's Court*, 23 Cal. App. 802 [140 Pac. 60], while considering this identical ordinance, held it to be regulatory. It is quite true that the court in that case uses this expression: "The purpose of said ordinance is the regulation of the business of selling liquors etc."

But the court had no occasion to distinguish between regulatory and prohibitory provisions and the remark of the court was not addressed to such distinction. The court, in that case, in no manner negatives the fact that all the county, save the ten excepted places, is "dry" territory. It is express authority to the contrary.

It would constitute a gross misreading of the opinion to hold that the court meant that all portions of the ordinance are regulatory. Counsel in their briefs assure us that only about one per cent of the county is "wet" territory within the purview of the ordinance, although all save two or three of the forty of fifty paragraphs in the ordinance deal with the regulation of the liquor traffic therein.

[3] We are asked to declare the entire ordinance void for another reason. We are asked to assume that the board would not have enacted the ordinance if it could have fore-

seen that all the license provisions would be rendered inoperative by the eighteenth amendment. But this view does not appear to be sound.

A law or ordinance may be composed of such interrelated parts that an unforeseen failure of one part may justify the assumption that, in its mutilated form, it would not have been enacted.

But we find no such case here. The board of supervisors divided the county into two parts—about ninety-nine per cent "dry" and the remaining one per cent provisionally "wet." The two divisions are distinct and they are in no wise interdependent. Prohibition is neither greater nor less in the "dry" territory by reason of the provision for license in the ten excepted places.

Conversely, the right to licenses in the license territory is in no way dependent upon the fact that other portions of the county are "dry."

So far as appears from the ordinance itself, the board prohibited the sale of liquors in certain parts of the county, because, with reference to those parts, it so desired. If it really desired that such sales should be prohibited in these parts, we can indulge no inference that such desire was in any way dependent upon the further desire that licenses might be issued in ten designated places. And the failure of its intent with reference to these ten places in no way argues that its intent with reference to the larger portion of the county has failed.

It is necessary to recall, in this connection, that the entire county was "dry" the moment the ordinance was adopted, and that it so remained until the three excepted conditions ripened into realities. The ordinance appears to have been very carefully drawn so as to exclude any inference that the ordinance itself created any part of the county into "wet" territory. It was all "dry" at all times until the concurrence of the three specified conditions converted it into "wet" territory. This meant that it was prohibition territory, and not merely that it was territory within which it was made unlawful to sell liquors without a license. Indeed, we do not discover any provision in the ordinance which makes it unlawful to commence or carry on business or to sell liquors without a license. It is this that clearly dis-

tinguishes this case from the Louisiana case cited by counsel. (*State* v. *Green*, 148 La. 376 [86 South. 919].)

In that case the statute expressly prohibited the selling of liquors without a license. It was wholly a regulatory statute and the court properly held that there could be no inference that the legislature intended to provide a penalty except for the failure to procure the proper license. In the case at bar we are only incidentally concerned with the effect of the eighteenth amendment and the Volstead Act [41 Stat. 305; Fed. Stats. Ann. (1919 Supp.), p. 197; U. S. Comp. Stats. (1919 Supp.), p. 2678] in the ten excepted places. In support of the claim that the will of the board of supervisors has failed as to these ten excepted places, we are referred to *Sprague* v. *Thompson*, 118 U. S. 90 [30 L. Ed. 115, 6 Sup. Ct. Rep. 988, see, also, Rose's U. S. Notes]. But that case is not in point. In that case the state had attempted unlawfully to discriminate between coasters and other ships coming into her ports, permitting the former to enter without being subject to pilot's fees. The court held that the purpose of the legislature had failed and that the whole act was void. It seems to have held in effect that it could not be ascertained whether the legislature (in view of the unconstitutionality of its effort) would have provided that all should come in free or that all should pay the proper fees.

*Commonwealth* v. *Nickerson*, 236 Mass. 281 [10 A. L. R. 1568, 128 N. E. 273], is practically identical with the case before us. In that case the statute provided for general prohibition, except as local option, through a vote of the municipalities, might authorize a sale under license. In the Yolo ordinance, it is provided that the whole county is "dry" until the board, under section 2c, exercises *its option* to order the issue of a license. This limitation applies only to the ten described places. The supreme court of Massachusetts in commenting on this condition says: "As a matter of statutory construction, the prohibition is general, the license is exceptional. The latter is dependent upon the efficacy of the valid local vote and the genuine license. This being the purpose and plan of the statute, its prohibitory features are not so dependent upon those respecting licenses as to be swept away when those as to license are stricken down by the eighteenth amendment."

In the light of the foregoing quotation, it may be said that the board of supervisors ordained that the entire county should be "dry" save and except as it, from time to time, might at its option grant licenses in certain excepted places.

The ordinance as to the portion of the county involved in this proceeding is held to be valid. The writ is discharged and the petitioner remanded.

Finch, P. J., and Hart, J., concurred.