[Crim. No. 1057.   First Appellate District, Division Two.—April 29, 1922.]

## In the Matter of the Application of JOHN TOSELLO for a Writ of Habeas Corpus.

[1] INTOXICATING LIQUORS—VALIDITY OF MUNICIPAL ORDINANCE.—The fact that one section of a municipal liquor ordinance, which was enacted prior to the adoption of the eighteenth amendment of the federal constitution, was rendered inoperative by reason of the fact that it purported to authorize the sale and service of liquors under certain circumstances contrary to the provisions of said constitutional amendment and the Volstead Act which followed it, did not render inoperative other sections of the ordinance which were prohibitory and in harmony with the provisions of said constitutional amendment.

[2] ID. — CONSTITUTIONAL AMENDMENT — EFFECT ON LOCAL LAWS. — Neither the eighteenth amendment to the federal constitution nor the Volstead Act which followed it were intended to affect or nullify prohibitory state or local liquor laws.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody after conviction of a violation of a municipal liquor ordinance. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

H. A. Gabriel for Petitioner.

Archer Bowden, City Attorney, for Respondent.

NOURSE, J.—The petitioner alleges that he is unlawfully confined by the sheriff of Santa Clara County under

color of a commitment of the police court of the city of San Jose after his conviction of a violation of an ordinance of that city, approved November 6, 1917, entitled "An ordinance pertaining to and providing for limiting and regulating the sale of spirituous, malt, vinous or other alcoholic liquors . . . "; and that the conviction and confinement are void because the ordinance is unconstitutional as contravening the eighteenth amendment to the constitution of the United States, in that it regulates, limits, and permits the sale of intoxicating liquors under certain conditions.

The first section of the ordinance provides as follows: "On and after January 1, 1918, no person, either as principal, agent, servant or employee, shall open, establish, keep, maintain or carry on within the corporate limits of the city of San Jose, any tippling house, dram shop, cellar, saloon, bar, bar-room, sample-room, buffet or other place where spirituous, vinous, malt or other alcoholic liquors are sold or given away, except as provided in section two (2) hereof." The second section provides that it shall not be unlawful under the ordinance to serve alcoholic liquors in the home to members of the family or to guests without compensation; to distribute wine at sacramental service; for any registered pharmacist to sell or dispense alcoholic liquors at a pharmacy for medicinal purposes only; to sell or serve vinous and malt liquors with meals in any hotel, restaurant, or club under a permit obtained from the city council; or to sell alcoholic liquors in sealed or corked packages under a license for that purpose obtained from the city council. Section 4 of the ordinance authorizes the city council to grant permits to sell liquors in accordance with the terms of the ordinance.

[1] The complaint on which the petitioner was tried and convicted charges that he did "at the time and place aforesaid, willfully and unlawfully open, establish, keep, maintain, and carry on within the corporate limits of the city of San Jose . . . a tippling house, dram shop, sample room and place where spirituous, vinous, malt and other alcoholic liquors were sold and given away, contrary to the provisions of said ordinance of said city."

In brief, the position of the petitioner is that inasmuch as section 2 of the ordinance permits the city council to

license a sale of intoxicating liquors contrary to the provisions of the eighteenth amendment to the constitutoin of the United States and as the provisions of that section cannot be segregated from the provisions of section 1, the whole ordinance must fall. Cases are cited to the proposition that where the constitutional and unconstitutional provisions of the statute are so inseparably blended together as to make it clear that either clause would not have been enacted without the other, the whole act is void. The weakness of this argument is that the ordinance was not unconstitutional in any respect when it was enacted. We are not, therefore, concerned with what the people intended when they enacted the ordinance or whether they would have enacted the provisions of section 1 without the exceptions contained in section 2. The fact is that they enacted it just as it reads to-day and they alone can repeal it. The ordinance having been constitutional when enacted and not having been repealed by the city, the question is, How far did the constitutional amendment No. 18 suspend its operation? The first section is plainly a prohibition against the sale or giving away of intoxicating liquors in any tippling-house, dram-shop, saloon, or similar place of business. To this extent the ordinance is prohibitory and is in harmony with the provisions of the constitutional amendment. The petitioner is charged with doing this very thing. The exception relates only to the ''other place'' where spirituous, vinous, malt, or other alcoholic liquors are sold or given away, such as private homes, churches, pharmacies, hotels, restaurants, clubs, and places where alcoholic liquors are sold in sealed or corked packages. As the constitutional amendment and the Volstead Act which followed it were designed to prohibit the manufacture, sale, and distribution of intoxicating liquors for beverage purposes, certain portions of the provisions of section 2 of the ordinance were, of course, rendered inoperative. This does not, however, affect the prohibitory features of section 1.

A similar question arose in *People* v. *Capelli*, 55 Cal. App. 461 [203 Pac. 837]. In that case the appellant had been convicted of violation of the Wyllie Act and based his appeal upon the ground that because section 11 of that act authorizes the electors of any subdivision which had become no-license territory to vote upon the question of licensing

the sale of alcoholic liquors therein, the whole act was rendered void by the adoption of the constitutional amendment. The appellate court held that though the provisions of section 11 of the Wyllie Act were inoperative because of the constitutional amendment, this did not affect the prohibitory features of the act as a whole. To the same effect is *Ex parte Crookshank,* 269 Fed. 980, 987. **[2]** To the point that neither the constitutional amendment nor the Volstead Act were intended to affect or nullify prohibitory state or local laws, see *In re Volpi,* 53 Cal. App. 229 [199 Pac. 1090]; *People* v. *Collins,* 54 Cal. App. 531 [202 Pac. 344]; *In re Polizzotto,* 188 Cal. 410 [205 Pac. 676]; *Woods* v. *City of Seattle,* 270 Fed. 315; *State* v. *District Court,* 58 Mont. 684 [194 Pac. 308]; *State* v. *Turner,* 115 Wash. 170 [196 Pac. 638].

The writ is discharged and the prisoner remanded to the custody of the sheriff.

Langdon, P. J., and Sturtevant, J., concurred.